IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-00709-PAB-SBP

ELIZABETH SCHACHT, M.D.,

      Plaintiff,

v.

DENIS R. MCDONOUGH, Secretary, U.S. Department of Veterans Affairs,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Partial Summary Judgment [Docket No. 36]. Plaintiff Elizabeth Schacht ("Dr. Schacht") filed a response. Docket No. 56. Defendant Denis R. McDonough, sued in his official capacity as the Secretary of the United States Department of Veteran Affairs ("VA"), filed a reply. Docket No. 60. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    BACKGROUND[1]

Dr. Schacht was employed by the VA as an anesthesiologist at the VA's Eastern Colorado Health Care System ("ECHCS") from 2015 until August 2018. Docket No. 36 at 1, ¶ 1; *see also* Docket No. 1 at 2, ¶ 7. In December 2017, Dr. Schacht contacted an Equal Employment Opportunity ("EEO") counselor. Docket No. 36 at 2, ¶ 2.[2] On

_____

[1] The following facts are undisputed unless otherwise indicated.
[2] The parties dispute whether Dr. Schacht contacted the EEO counselor on December 27, 2017 or December 22, 2017. *Compare* Docket No. 36 at 2, ¶ 2 *with* Docket No. 56 at 2, ¶ 2.

February 14, 2018, Dr. Schacht filed a formal complaint alleging discrimination on the basis of gender and national origin ("2018 EEO Complaint"). *Id*., ¶ 4.

On March 22, 2018, the VA's Office of Resolution Management ("ORM") issued plaintiff a Notice of Partial Acceptance ("NPA") informing her that the complaint was partially accepted. *Id*. at 2-3, ¶ 6. The NPA identified Dr. Schacht's claim as:

> Whether the complainant was subjected to a hostile work environment based on sex (female), national origin, and reprisal as evidenced by the following events:
>
> 1. On December 18, 2017, Ian Black, (IB), Chief of Anesthesiology Service, and Ellen Mangione (EM), Chief of Staff, failed to take corrective action when Carlton Barnett (CB), coworker, verbally snapped at the complainant and wrote defamatory and unprofessional statements about her in a patient's record after she made a clinical recommendation regarding said patient.
>
> 2. On February 14, 2018, Sallie Houser-Hanfelder (SH), Medical Center Director, issued the complainant a memorandum notifying her of a Summary Suspension of Clinical Privileges and Notice of Detail as recommended by EM.

*Id*. The NPA included a footnote clarifying that the reprisal claim was based on Dr. Schacht's "filing of the instant complaint and her submission of a reasonable accommodate [sic] requested [sic] related to her pregnancy." *Id*. The NPA noted that Dr. Schacht also raised a claim regarding a possible settlement agreement breach; however, that claim was not accepted because an EEO complaint was not the proper avenue to address that allegation. *Id*. at 3, ¶ 7.

On May 7, 2018, pursuant to a request from plaintiff, ORM issued a notice of correction to the NPA, which added disability as a basis for discrimination, including complications related to Dr. Schacht's pregnancy. *Id*., ¶ 8. On July 23, 2018, pursuant to a request from plaintiff, ORM issued a notice of amendment to Dr. Schacht's 2018 EEO Complaint. *Id*., ¶ 9. The following allegation was added to the complaint: "[f]rom

February 14 thru July 10, 2018, [Sallie Houser-Hanfelder] forced the complainant to participate in an ongoing administrative investigation during her approved FMLA leave." *Id*. On August 17, 2018, pursuant to a request from plaintiff, ORM issued a notice of corrected amendment to reword some of the language in the 2018 EEO Complaint. *Id*. at 3-4, ¶ 10. On September 11, 2018, pursuant to a request from plaintiff, ORM issued a notice of second amendment to Dr. Schacht's 2018 EEO Complaint. *Id*. at 4, ¶ 11. The following allegation was added to the complaint: "[o]n August 20, 2018, [Sallie Houser-Hanfelder] removed the complainant from federal service and revoked her clinical privileges." *Id*.

Following the investigation of the 2018 EEO Complaint, Dr. Schacht commenced administrative proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id*., ¶ 12.[3] On November 26, 2019, the EEOC granted Dr. Schacht's motion to amend her complaint. *Id*., ¶ 13. Dr. Schacht's final accepted claims in her complaint were:

---

[3] Dr. Schacht objects to defendant's "inclusion" of certain EEOC documents, *see* Docket No. 36-1 at 76-106, arguing that she is entitled to a *de novo* trial in this Court and any EEOC decisions "made during the course of its processing of Dr. Schacht's administrative complaint are completely irrelevant to the issues pending before this Court." Docket No. 56 at 5-7, ¶¶ 12-15. Defendant responds that he referenced certain EEOC materials "solely for the purpose of establishing *which alleged incidents of discrimination had been exhausted*." Docket No. 60 at 7 n.3. The Court rejects plaintiff's objection. Dr. Schacht does not contest the authenticity of the documents. Courts routinely examine EEOC documents at the summary judgment stage to evaluate whether a plaintiff exhausted her administrative remedies. *See, e.g., Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170-71 (10th Cir. 2020) (comparing allegations in the EEOC charge with allegations in the federal court complaint); *see also Timmons v. White*, 314 F.3d 1229, 1235 (10th Cir. 2003) ("[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo") (citation omitted).

Whether the complainant was subjected to a hostile work environment based on sex (female), national origin, disability (pregnancy complications), and reprisal (requests for reasonable accommodation and EEO complaint) as evidenced by the following events:

1. On December 18, 2017, Carlton Bennett, General Surgeon, snapped at the complainant and wrote defamatory and unprofessional remarks in a patient's medical record.

2. On February 14, 2018, the agency suspended the complainant's clinical privileges and placed her on a detail.

3. From February 14 through July 10, 2018, Sally Houser-Hanfelder forced complainant to participate in an ongoing administrative investigation during her approved FMLA leave.

4. On August 10, 2018, Sally Houser-Hanfelder removed complainant from federal service and revoked her clinical privileges.

5. In January of 2018, she learned that the Agency denied her bonus for fiscal year 2017.

*Id*. at 4-5, ¶ 13.  The EEOC clarified that "[a]ccepted issues 2, 4, and 5 are accepted as discrete acts of discrimination, and accepted issue 3 is accepted as discrete act of discrimination for failure to accommodate."  *Id*.

On March 20, 2023, Dr. Schacht initiated this lawsuit.  *Id*. at 5, ¶ 15.  Dr. Schacht's amended complaint asserts four claims.  *Id*., ¶ 16.  First, Dr. Schacht asserts a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination based on sex, pregnancy, and national origin.  *Id*., ¶ 17.  The first claim encompasses a hostile work environment claim and a disparate treatment claim.  *Id*.  Second, Dr. Schacht asserts a Title VII retaliation claim.  *Id*. at 6, ¶ 20.  Dr. Schacht alleges that she participated in protected activities "by opposing practices targeted at her that were unlawful under Title VII, pursuing two EEO complaints against the Agency, and by seeking reasonable accommodations for her pregnancy-related complications" and

thereafter the VA retaliated against her by (i) subjecting her to "hostile and unfair treatment" after she filed an EEO complaint in 2017; (ii) soliciting negative comments about her from the University of Colorado resident training program; (iii) suspending her clinical privileges; and (iv) removing her from federal service.  *Id.*

Third, Dr. Schacht asserts a claim for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  *Id.* at 6-7, ¶ 21.  Dr. Schacht alleges that she had a disability between January 11, 2018 and July 10, 2018 and that the VA discriminated against her because of her disability "by subjecting her to a hostile work environment and adverse actions."  *Id.*  Fourth, Dr. Schacht asserts a retaliation claim under the ADA and Rehabilitation Act.  *Id.* at 7, ¶ 22.  Dr. Schacht alleges that the VA retaliated against her by "failing to provide Plaintiff with the reasonable accommodations she requested, interfering in her ability to use FMLA, subjecting her to hostile work environment and taking adverse actions against her."  *Id.*

On August 15, 2023, defendant filed a motion for partial summary judgment, arguing that Dr. Schacht failed to exhaust her administrative remedies for several incidents of discrimination alleged in the amended complaint.  Docket No. 36.

## II.   LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes

over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III.   ANALYSIS

#### A.  Administrative Exhaustion

Before filing a case in federal court under Title VII, the ADA, or the Rehabilitation Act, a plaintiff must exhaust her administrative remedies. *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1180-81 (10th

Cir. 2018).  Administrative exhaustion "is not a jurisdictional prerequisite for suit but is a claims-processing rule that the employer may raise as an affirmative defense."  *Hickey*, 969 F.3d at 1118; *see also Cirocco v. McMahon*, 768 F. App'x 854, 857 n.2 (10th Cir. 2019) (unpublished).  The exhaustion rule "derives from two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."  *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (internal quotations and citation omitted).

"Title VII requires each discrete act of discrimination (such as termination, failure to promote, denial of transfer, or refusal to hire) to be described in and the subject of a timely filed charge."  *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007); *see also Lincoln*, 900 F.3d at 1181 ("each discrete incident of discriminatory or retaliatory treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted" (internal alterations, quotations, and citation omitted)).  "[W]here discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge."  *Lincoln*, 900 F.3d at 1181; *see also Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014).

A "plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."  *Smith*, 904 F.3d at 1164 (internal quotations and citation omitted); *see also Sanderson*, 976 F.3d at 1170.  Although a court must "liberally

construe" the plaintiff's allegations in the administrative charge, "the <u>charge</u> must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]" *Smith*, 904 F.3d at 1164 (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)). "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* at 1164-65 (internal quotations, alterations, and citation omitted). However, unlike a federal court complaint, an EEOC charge is not required to meet the plausible pleading standards of Rule 8 of the Federal Rules of Civil Procedure. *Villarreal v. Walmart, Inc.*, No. 19-cv-01722-PAB-STV, 2021 WL 1022701, at *6 (D. Colo. Mar. 17, 2021) (citing *Jones v. Needham*, 856 F.3d 1284, 1291-92 (10th Cir. 2017)).

"To exhaust administrative remedies, a federal employee complaining of Title VII violations may either file a charge with the EEOC (as any private-sector employee would), or, pursue a separate process through the employing agency's EEO Officer." *James v. James*, 129 F. Supp. 3d 1212, 1222 (D. Colo. 2015), *aff'd*, 656 F. App'x 429 (10th Cir. 2016) (unpublished) (citing 42 U.S.C. § 2000e–5; 29 C.F.R. § 1614.101 *et seq.*). Neither party directly addresses which process Dr. Schacht invoked; however, it appears that Dr. Schacht pursued the EEO process outlined in 29 C.F.R. § 1614.101. *et seq.* Under that process,

> an aggrieved employee contacts the agency's EEO Counselor within 45 days of the act of which she complains, and the Counselor then undertakes informal efforts to investigate and resolve the matter. 29 C.F.R. § 1614.105(a)(1). If the Counselor is unable to resolve the issue within a specified period, the employee has 15 days from the end of the counseling period to file a formal complaint with the agency. 29 C.F.R. § 1614.106. The agency then begins an investigation into the complaint. 29 C.F.R. § 1614.108. At the conclusion of the investigation, the agency presents the employee with a copy of the investigative file, at which point

the employee may either demand a hearing before an EEOC Administrative Judge or request a final decision on the complaint from the agency.  29 C.F.R. § 1614.108(f).  A "final decision" makes findings with regard to each issue in the complaint and, if appropriate, prescribes a remedy.  29 C.F.R. § 1614.11[0](b).  The "final decision" also includes issuance of a "Right to Sue" letter that completes the administrative process.  29 C.F.R. § 1614.110(b).

*James*, 129 F. Supp. 3d at 1222.  "Both schemes require that the employee's charge or agency complaint specifically identify the claims he or she ultimately will assert in litigation."  *Id*.

Defendant argues that Dr. Schacht failed to exhaust administrative remedies for several alleged incidents of discrimination.  Docket No. 36 at 1.

### 1.  Incidents that Occurred in 2015 and 2016

Principally, defendant argues that Dr. Schacht failed to exhaust the allegations in her amended complaint related to incidents that occurred in 2015 and 2016.  *Id*. at 9. Defendant contends that Dr. Schacht did not exhaust the following allegations: (i) Dr. Schacht was assigned cardiac anesthesia cases less frequently than her male peers; (ii) Dr. Schacht was excluded from participating in anesthesia and critical care committees, as well as interviewing prospective candidates to join the Anesthesiology Department; (iii) Dr. Schacht received less time to devote to academic pursuits compared to her male peers; (iv) Dr. Schacht was kept on a Focused Professional Practice Evaluation because she got married and changed her name; and (v) Dr. Schacht's immediate supervisor told her that medical staff are not used to Latin women. *Id*. (citing Docket No. 29 at 6-7, ¶¶ 28-36).  Furthermore, defendant argues that Dr. Schacht did not properly exhaust any allegations, in accordance with the procedures outlined in 29 C.F.R. § 1614.504, that the VA breached a settlement agreement.  *Id*. at 10-11.  Accordingly, defendant asserts that he is entitled to summary judgment on

plaintiff's first and second claims to the extent that those claims are based on allegations about incidents that occurred in 2015 and 2016.  *Id*. at 11.

In response, Dr. Schacht states that she "included the reference to those paragraphs as 'background' evidence relevant to her timely hostile work environment and disparate treatment claims pending before the court."  Docket No. 56 at 14.  Dr. Schacht states that she "did not and does not intend to proffer the events described in ¶¶ 28-36 of the Amended Complaint as 'discrete discriminatory acts' which entitle her to relief" or "as part of her pending hostile work environment claim."  *Id*. at 14-15. Similarly, Dr. Schacht states that she included information about the settlement agreement breach in the amended complaint as "background" evidence.  *Id*. at 16.

Because Dr. Schacht disclaims that the allegations from 2015 and 2016 are a basis for her claims, and instead proffers these allegations as background evidence, the Court denies this portion of defendant's motion as moot.  *See Sanderson*, 976 F.3d at 1175 (collecting cases holding that a plaintiff may use "unexhausted" acts as "background evidence" to support properly exhausted claims); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.").

### 2. Allegations that the VA Solicited Negative Comments about Dr. Schacht and Selected her Cases for Review in the Fall of 2017

Defendant argues that Dr. Schacht failed to exhaust her allegations that the VA solicited negative comments about Dr. Schacht from the University of Colorado resident training program and selected Dr. Schacht's cases for review in the fall of 2017.  Docket No. 36 at 11-12 (citing Docket No. 29 at 9-10, 14, ¶¶ 45, 49, 76).  Specifically, Dr.

Schacht alleges: (i) "in October 2017, individuals in positions of authority over the University of Colorado resident training program at [the VA's Eastern Colorado Health Care System], solicited negative comments about Dr. Schacht from the residents;" (ii) in the Fall of 2017, "Agency management selected certain of Dr. Schacht's cases for review by three VA anesthesiologists who were the Chiefs of Anesthesiology at other VA facilities in hopes they would find she had provided substandard care;" and (iii) Dr. Ian Black solicited comments about Dr. Schacht from his subordinates and "gave those employees a financial incentive to file complaints against Dr. Schacht." Docket No. 29 at 9-10, 14, ¶¶ 45, 49, 76. Defendant argues that plaintiff's 2018 EEO Complaint did not mention any of those incidents and therefore she cannot rely on those allegations as discrete incidents of discriminatory or retaliatory treatment. Docket No. 36 at 12. Furthermore, defendant asserts that plaintiff cannot use these allegations to support her hostile work environment claim because the incidents from the Fall of 2017 do not involve the same individuals as the incidents that plaintiff exhausted in her 2018 EEO Complaint. *Id*. (citing *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1309-10 (10th Cir. 2005)). Accordingly, defendant argues that he is entitled to summary judgment on plaintiff's first and second claims to the extent that they are based on these allegations. *Id*. at 12-13.

Dr. Schacht responds that she is not pursuing these allegations as discrete incidents of discrimination, but rather is pursuing the allegations as part of her hostile work environment claim. Docket No. 56 at 16. Dr. Schacht contends that the specific allegations in a hostile work environment claim "do not have to be exhausted." *Id*. Dr. Schacht argues that, although she did not include these allegations explicitly in her

2018 EEO Complaint, the allegations are "necessarily encompassed" by the second and fourth issues in the 2018 EEO Complaint and the allegations were explored during the administrative investigation. *Id*. at 16-17 (citing Docket Nos. 56-10 through 56-16).[4]

---

[4] In support of these arguments, Dr. Schacht cites several exhibits, including a Notice of Summary Suspension of Clinical Privileges and Notice of Detail, Notice of Proposed Removal, and Aggravating and Mitigating Factors Memo, as well as the affidavits of Dr. Schacht, Sallie Houser-Hanfelder, Ian Black, and Ellen Mangione. *See* Docket No. 56 at 17 (citing Docket Nos. 56-10 through 56-16). The Court's Practice Standards state that if the party opposing the summary judgment motion

> believes that there exist additional disputed questions of fact . . ., the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed.

Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.v. (emphasis omitted). Dr. Schacht included a "Statement of Additional Disputed Facts" section in her brief. *See* Docket No. 56 at 9. However, she did not include any statements of fact in this section related to Docket Nos. 56-10 through 56-16. As the Practice Standards regarding summary judgment motions emphasize, the "sole purpose of these procedures is to establish facts and determine which of them are in dispute." Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii. Dr. Schacht has compromised this process by citing additional exhibits in her argument section that were not included in her "Statement of Additional Disputed Facts" section. Had Dr. Schacht included facts in the proper section, defendant would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are undisputed and what facts are disputed. Moreover, the requirement in the Practice Standards that a party opposing summary judgment state its facts in the form of statements is consistent with Fed. R. Civ. P. 56(e), which refers to "assertions of fact." Rule 56 distinguishes such assertions or statements of fact from the evidence that supports the assertions. *See, e.g.*, Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (A) citing to particular parts of materials in the record"). Thus, for Dr. Schacht to simply cite to several exhibits and affidavits in her response frustrates the summary judgment process and violates the Court's Practice Standards. As a result, the Court will not consider such evidence either to establish an undisputed fact or to raise a dispute of material fact.

Because Dr. Schacht states that she is only pursuing these allegations in relation to her hostile work environment claim, the Court will only evaluate whether Dr. Schacht exhausted the hostile work environment claim.  A "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"  *Sanderson*, 976 F.3d at 1175 (quoting *Morgan*, 536 U.S. at 117).  For a hostile work environment claim, "[a]llegations are 'minimally sufficient to satisfy the requirements for the contents of a charge of discrimination and the purposes of the notice requirement' when they 'identif[y] the type of discrimination complained of, the alleged harasser, and an approximate time period.'"  *Macias v. Sw. Cheese Co., LLC*, 624 F. App'x 628, 635 (10th Cir. 2015) (unpublished) (quoting *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)); *see also Ross v. Pro. Bureau of Collections of Maryland*, Inc., No. 16-cv-01550-KLM, 2018 WL 3633576, at *6 (D. Colo. July 30, 2018) (noting that the doctrine that "each discrete incident of [discriminatory or retaliatory actions by employers] . . . must be exhausted . . . [does] not apply . . . to hostile work environment claims." (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003))).

Here, it is undisputed that Dr. Schacht's final administrative complaint asserts a "hostile work environment based on sex (female), national origin, [and] disability (pregnancy complications)."  Docket No. 36 at 4-5, ¶ 13.  Dr. Schacht identifies the timeframe as 2017 to 2018 and identifies several perpetrators, including Carlton Bennett and Sally Houser-Hanfelder.  *See id*.  The Court finds that these allegations are sufficient to exhaust Dr. Schacht's hostile work environment claim.  *See Macias*, 624 F. App'x at 635 (holding that plaintiff exhausted her hostile work environment claim

because the administrative charge "alleged continuing-action sex discrimination and retaliation spanning from February 2009 through January 2011" and identified the perpetrator by name).  Furthermore, the Court finds that the specific conduct alleged in this lawsuit "would fall within the scope of an [administrative] investigation which would reasonably grow out of" plaintiff's administrative complaint.  *See Smith*, 904 F.3d at 1164-65 (internal quotations, alterations, and citation omitted); *see also Villarreal*, 2021 WL 1022701, at *7.  Dr. Schacht's 2018 EEO Complaint states that, on February 14, 2018, the agency suspended Dr. Schacht's clinical privileges.  Docket No. 36 at 2-5, ¶¶ 6, 13.  Allegations that the VA solicited negative comments about Dr. Schacht from the resident training program and selected Dr. Schacht's cases for review would reasonably fall within the scope of an administrative investigation into the suspension of Dr. Schacht's clinical privileges.  Accordingly, the Court denies this portion of defendant's motion.

### 3.  Allegations that the VA Reported Dr. Schacht to the National Practitioner Database and the Colorado State Medical Board

Defendant argues that Dr. Schacht failed to exhaust her allegations that the VA reported Dr. Schacht to the National Practitioner Database in 2022 and the Colorado State Medical Board in 2021.  Docket No. 36 at 13; *see also* Docket No. 29 at 17, ¶¶ 92-94.  Defendant asserts that Dr. Schacht never amended her 2018 EEO Complaint to include these allegations.  Docket No. 36 at 13.  Defendant contends that Dr. Schacht "cannot base her claims on events that occurred after she filed her formal EEO complaint, and which she did not raise in any amendment to that complaint."  *Id*. (citing *Eisenhour*, 744 F.3d at 1227).  As a result, defendant argues that he is entitled to summary judgment on all four claims to the extent they are based on allegations that

the VA improperly reported Dr. Schacht to the National Practitioner Database or the Colorado State Medical Board. *Id.*

Dr. Schacht responds that, pursuant to EEOC guidance, she was not required to amend or file a new complaint when the new incident is related to incidents included in the original complaint. Docket No. 56 at 18. Furthermore, Dr. Schacht argues that "neither an amendment nor a new complaint was required because the reports do not constitute materially adverse *employment* actions – they took place after Dr. Schacht's employment with the VA ended." *Id.* at 18-19. Dr. Schacht clarifies that she is pursuing the allegations that the VA reported her to the National Practitioner Database and the Colorado State Medical Board as discrete acts of discrimination. *Id.* at 15.

The Court finds that Dr. Schacht failed to exhaust her administrative remedies with respect to her allegations that the VA reported her to the National Practitioner Database in 2022 and the Colorado State Medical Board in 2021. The "United States Supreme Court has 'rejected the so-called continuing violation doctrines that allowed plaintiffs to recover for discrete acts of discrimination or retaliation that had not been separately exhausted but were 'sufficiently related' to a properly exhausted claim.'" *Price v. Bavaria Inn Rest., Inc.*, No. 17-cv-03000-PAB-NYW, 2020 WL 5365992, at *5 (D. Colo. Sept. 8, 2020) (quoting *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 148 (D.D.C. 2005) (citing *Morgan*, 536 U.S. at 105)). "[W]here discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge." *Lincoln*, 900 F.3d at 1181; *see also Eisenhour*, 744 F.3d at 1227. Dr. Schacht's administrative complaint

does not include any allegations that the VA reported her to the National Practitioner Database or the Colorado State Medical Board.  *See* Docket No. 36 at 4-5, ¶ 13.  Dr. Schacht presents no evidence that she filed an additional or amended complaint with the VA or the EEOC regarding these allegations.  Accordingly, Dr. Schacht has failed to exhaust her administrative remedies with respect to her allegations that the VA discriminated and retaliated against her through the reports to the National Practitioner Database and the Colorado State Medical Board.  *See Price*, 2020 WL 5365992, at *5 (holding that plaintiff "failed to exhaust her administrative remedies to the extent that her claim was based on defendant's post-termination behavior given that plaintiff had not raised these allegations in her EEOC complaint").

The Court therefore grants this portion of defendant's motion.  "Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice."  *Smith*, 904 F.3d at 1166 (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)).  As a result, the Court dismisses without prejudice the portion of plaintiff's first, second, third, and fourth claims alleging that the VA reported Dr. Schacht to the National Practitioner Database and the Colorado State Medical Board.

### 4.  *Allegations that the VA Retaliated against Dr. Schacht for Engaging in Certain Protected Activities*

Defendant argues that Dr. Schacht failed to exhaust several allegations related to her second and fourth claims for retaliation.  Docket No. 36 at 13-14.  Defendant states that Dr. Schacht's 2018 EEO Complaint identified the relevant protected activities for her retaliation claim as filing the 2018 EEO Complaint and submitting a reasonable accommodation request related to her pregnancy.  *Id*. at 14.  Defendant argues that Dr. Schacht failed to exhaust her allegations in this case that the VA retaliated against her

for engaging in the following protected activities: (i) filing the 2016 EEO Complaint; (ii)

raising concerns during an internal investigation in 2017; and (iii) raising concerns about

the VA's failure to abide by the terms of the settlement agreement in 2017. *Id.* at 14

(citing Docket No. 29 at 37-38, 41, ¶¶ 169, 171, 185); Docket No. 60 at 7. Defendant

argues that, because Dr. Schacht did not identify these protected activities in her 2018

EEO Complaint, she did not exhaust claims for retaliation based on those protected

activities. Docket No. 36 at 14 (citing *Smith*, 904 F.3d at 1165-67). Therefore,

defendant argues that he is entitled to summary judgment on Dr. Schacht's second and

fourth claims to the extent those claims are based on these additional allegations. *Id*. at

14-15.[5]

Dr. Schacht responds that her "EEO affidavit clearly describes her prior protected

activities as including the complaint she filed and then settled in 2017, the concerns she

expressed during the internal investigation, and the Agency's failure to abide by the

settlement agreement." Docket No. 56 at 19 (citing Docket No. 56-13 at 2-3).

Additionally, Dr. Schacht argues that these allegations are "factual allegations in support

of a claim for relief (retaliation) and as such they are not subject to the exhaustion

requirement." *Id*.

In support of her argument, Dr. Schacht cites her EEO affidavit. *See id*. (citing

Docket No. 56-13 at 2-3). However, Dr. Schacht's "Statement of Additional Disputed

Facts" section in her brief did not include any statements of fact from her EEO affidavit.

As discussed previously, had Dr. Schacht included facts from her EEO affidavit in the

_____

[5] Defendant admits that plaintiff has exhausted the portion of her retaliation
claims based on the protected activities of filing the 2018 EEO Complaint and
requesting reasonable accommodations for her pregnancy. Docket No. 60 at 8.

proper section, defendant would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are undisputed and what facts are disputed.  Dr. Schacht's citation to her affidavit in the response frustrates the summary judgment process and violates the Court's Practice Standards.  As a result, the Court will not consider such evidence either to establish an undisputed fact or to raise a dispute of material fact.

Moreover, even if Dr. Schacht did properly allege the contents of the affidavit, the affidavit would be insufficient to create a genuine issue of disputed fact regarding the exhaustion of administrative remedies.  "[E]ach discrete incident of discriminatory or *retaliatory treatment* constitutes its own unlawful employment practice for which administrative remedies must be exhausted."  *Lincoln*, 900 F.3d at 1181 (emphasis added and alterations, quotation, and citation omitted).  In *Smith*, the Tenth Circuit held that the plaintiff failed to exhaust her administrative remedies for a retaliation claim based on the protected activity of filing an EEOC charge in 2012.  *Smith*, 904 F.3d at 1165-66.  The Tenth Circuit explained that, although the operative EEOC charge "allege[d] retaliation, it is clear from the text of that charge that it does <u>not</u> encompass retaliation for having filed the 2012 EEOC Charge, which is the Title VII violation Ms. Smith now alleges in federal court."  *Id*. at 1165.  The Tenth Circuit looked at the scope of the EEOC charge and declined to consider any other documents because the court has "consistently held, time and again, that the reasonable and likely scope of the investigation is determined by the allegations contained in the <u>Charge</u> itself, rather than in the Charge and any responsive documents."  *Id*.; *see also Sanderson*, 976 F.3d at 1170-71 (noting that responsive documents filed by the plaintiff cannot enlarge an

EEOC charge or complaint).  Similarly, in *Sanderson*, the Tenth Circuit held that the plaintiff failed to exhaust her administrative remedies for a retaliation claim "[b]ecause [plaintiff] did not allege in her EEOC Charge the facts that she asserted in her district court Complaint."  *Sanderson*, 976 F.3d at 1172.  The Tenth Circuit found that plaintiff's EEOC charge and federal court complaint articulated "two distinct theories of retaliation" because the EEOC charge alleged that plaintiff informed her employer that she intended to file an EEOC complaint after her demotion, whereas, the federal court complaint alleged that plaintiff complained to her supervisors about unequal treatment by her male colleagues prior to her demotion.  *Id*. at 1171.

It is undisputed that Dr. Schacht's 2018 EEO Complaint states that the retaliation claim was based on Dr. Schacht's "filing of the instant complaint and her submission of a reasonable accommodate [sic] requested [sic] related to her pregnancy."  Docket No. 36 at 2-3, ¶ 6.  Dr. Schacht's 2018 EEO Complaint does not discuss any other protected activities such as filing the 2016 EEO Complaint, raising concerns during an internal investigation in 2017, or raising concerns about the VA's failure to abide by the terms of the settlement agreement in 2017.  Liberally construing Dr. Schacht's 2018 EEO Complaint, the Court finds that the additional protected activities alleged in this lawsuit would not fall within the reasonable and likely scope of an administrative investigation into the 2018 EEO Complaint.  *See Smith*, 904 F.3d at 1164.  Dr. Schacht's retaliation claims in this lawsuit advance new "theories of retaliation" based on protected activities that occurred prior to the filing of the 2018 EEO Complaint.  *See Sanderson*, 976 F.3d at 1171.  Accordingly, the Court finds that Dr. Schacht failed to exhaust the portion of her retaliation claims based on the 2016 EEO Complaint, the internal investigation in

2017, or the alleged settlement agreement breach.  *See Smith*, 904 F.3d at 1166; *Sanderson*, 976 F.3d at 1172.

The Court grants this portion of defendant's motion and dismisses without prejudice the portions of Dr. Schacht's second and fourth claims alleging that the VA retaliated against her for filing the 2016 EEO Complaint, raising concerns during an internal investigation in 2017, and raising concerns about the VA's failure to abide by the terms of the settlement agreement in 2017.  *See Smith*, 904 F.3d at 1166.

### 5.  *Allegations that the VA Failed to Provide Plaintiff with Reasonable Accommodations Related to Radiation Exposure*

Defendant argues that Dr. Schacht did not exhaust her allegations that the VA failed to provide Dr. Schacht with reasonable accommodations to minimize her exposure to radiation.  Docket No. 36 at 15 (citing Docket No. 29 at 11-13, ¶¶ 60-64, 66, 69).  Defendant argues that the only allegation in the 2018 EEO Complaint related to reasonable accommodations is that Ms. Houser-Hanfelder forced Dr. Schacht "to participate in an ongoing administrative investigation during her approved FMLA leave." *Id*.  Accordingly, defendant contends that he is entitled to summary judgment on plaintiff's fourth claim for retaliation to the extent it is based on allegations that the VA failed to provide Dr. Schacht with reasonable accommodations related to radiation exposure.  *Id*. at 15-16.

Plaintiff responds that "Dr. Schacht clearly articulated that she needed this accommodation," Docket No. 56 at 20 (citing Docket No. 56-13 at 3, 10), and "the doctor's note she presented to her supervisor (Dr. Black) requesting that her exposure to radiation be limited is included in the Agency's Report of Investigation."  *Id*. (citing Docket No. 56-18).  In support of this argument, Dr. Schacht cites her EEO affidavit.

*See id.* (citing No. 56-13 at 3, 10).  For the reasons stated previously, the Court will not consider Dr. Schacht's affidavit either to establish an undisputed fact or to raise a dispute of material fact.[6]  Furthermore, Docket No. 56-18 does not appear to be the Agency's Report of Investigation, but rather is a doctor's note.  The Court therefore rejects Dr. Schacht's arguments.[7]

It is undisputed that Dr. Schacht's 2018 EEO Complaint states that her retaliation claim is based on Dr. Schacht's "submission of a reasonable accommodate [sic] requested [sic] related to her pregnancy."  Docket No. 36 at 2-3, ¶ 6.  Dr. Schacht's 2018 EEO Complaint states that Ms. Houser-Hanfelder forced Dr. Schacht "to participate in an ongoing administrative investigation during her approved FMLA leave." *Id.* at 3-5, ¶¶ 9, 13.  Dr. Schacht's 2018 EEO Complaint does not discuss any

---

[6] As discussed previously, even if Dr. Schacht properly alleged the contents of the affidavit, the affidavit would be insufficient to create a genuine issue of disputed fact regarding the exhaustion of administrative remedies.  The Tenth Circuit has "consistently held, time and again, that the reasonable and likely scope of the investigation is determined by the allegations contained in the <u>Charge</u> itself, rather than in the Charge and any responsive documents."  *Smith*, 904 F.3d at 1165; *see also Sanderson*, 976 F.3d at 1170-71 (noting that responsive documents filed by the plaintiff cannot enlarge an EEOC charge or complaint).

[7] In her "Statement of Additional Disputed Facts section," Dr. Schacht states that "On March 5, 2018, Dr. Schacht requested that her EEO complaint be amended to include retaliation for requesting a reasonable accommodation (limiting exposure to radiation) due to complications with her pregnancy."  Docket No. 56 at 9, ¶ 1 (citing Docket Nos. 56-18, 56-19).  However, plaintiff's cited documents do not support the statement of fact.  Docket No. 56-18 appears to be a letter from Dr. Schacht's physician recommending to "limit radiation exposure while pregnant."  Docket No. 56-18.  Docket No. 56-19 is an email from Dr. Schacht to Patricia Draucker "request[ing] information regarding the process to amend my complaint. . . .  The amendment would include . . . Retaliation for previous EEO activity (January 31st) and reasonable accommodation request in the setting of complicated pregnancy (January 11th)."  Docket No. 56-19.  However, the email does not reference a reasonable accommodation to limit exposure to radiation.  Accordingly, the Court finds that Dr. Schacht has failed to raise a genuine dispute of material fact regarding the exhaustion of administrative remedies for her radiation allegations.

allegations that the VA failed to provide Dr. Schacht with reasonable accommodations related to radiation exposure.  Liberally construing Dr. Schacht's 2018 EEO Complaint, the Court finds that the allegations related to radiation exposure in this lawsuit would not fall within the reasonable and likely scope of an administrative investigation into the 2018 EEO Complaint.  *See Smith*, 904 F.3d at 1164.  Accordingly, the Court finds that Dr. Schacht failed to exhaust this portion of her fourth claim.  *See Smith*, 904 F.3d at 1166; *Sanderson*, 976 F.3d at 1172.

The Court grants this portion of defendant's motion and dismisses without prejudice the portion of Dr. Schacht's fourth claim alleging that the VA retaliated against her by failing to provide Dr. Schacht with reasonable accommodations related to radiation exposure.  *See Smith*, 904 F.3d at 1166.

## IV.   CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion for Partial Summary Judgment [Docket No. 36] is **GRANTED in part** and **DENIED in part.**  It is further

**ORDERED** that the portion of plaintiff's first, second, third, and fourth claims alleging that the VA reported Dr. Schacht to the National Practitioner Database and the Colorado State Medical Board are **DISMISSED without prejudice** for failure to exhaust administrative remedies.  It is further

**ORDERED** that the portions of plaintiff's second and fourth claims alleging that the VA retaliated against her for filing the 2016 EEO Complaint, raising concerns during an internal investigation in 2017, and raising concerns about the VA's failure to abide by

the terms of the settlement agreement in 2017 are **DISMISSED without prejudice** for failure to exhaust administrative remedies.  It is further

ORDERED that the portion of plaintiff's fourth claim alleging that the VA retaliated against Dr. Schacht by failing to provide her with reasonable accommodations related to radiation exposure is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

DATED February 29, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge