IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00709-PAB-SBP

ELIZABETH SCHACHT, M.D.,

    Plaintiff,

v.

DOUGLAS A. COLLINS, Secretary, U.S. Department of Veterans Affairs,[1]

    Defendant.

---

### ORDER ON MOTION TO AMEND

---

**Susan Prose, United States Magistrate Judge**

This matter comes before this court on Defendant Douglas A. Collins' ("Defendant" or "VA") Motion for Leave to File an Amended Answer. ECF No. 115 ("Motion" or "Motion to Amend"). The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1) and the memorandum referring the Motion. ECF No. 116. The court has reviewed the Motion and the related briefing, the applicable case law, and the entire docket. For the reasons set forth below, the Motion to Amend is respectfully **GRANTED**.

### BACKGROUND

This matter stems from Plaintiff Elizabeth Schacht's ("Plaintiff" or "Dr. Schacht") prior employment as an anesthesiologist with the U.S. Department of Veterans Affairs ("VA") at the Rocky Mountain Regional VA Medical Center in Aurora, Colorado, from 2015 until August 20,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Collins is substituted for his predecessor.

2018, when her clinical privileges were revoked and she was removed from federal service. ECF No. 29 ¶¶ 1, 6-7, 85, 88 (Amended Complaint). Dr. Schacht alleges that her removal was discriminatory based on sex (female and pregnancy), national origin (Colombian), disability (pregnancy-related complications), and retaliation for her prior EEO activity, request for reasonable accommodation, and FMLA leave. *Id*. ¶¶ 1, 85-88. She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.; and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. *Id*. ¶¶ 2-3.

Dr. Schacht filed her original complaint on March 20, 2023. ECF No. 1. She amended it on August 1, 2023. ECF No. 29. The VA filed its answer on October 18, 2023. ECF No. 75. In the Scheduling Order, the court set December 14, 2023, as the deadline for joinder of parties and amendment of pleadings. ECF No. 50 at 16.

The VA filed the Motion to Amend, which seeks to amend its Answer to assert the affirmative defenses of issue preclusion and claim preclusion. *See* Motion at 1-2. Specifically, the proposed amendment would add the following defenses to the operative pleading: (1) Plaintiff's claims are barred by issue preclusion, and (2) Plaintiff's claims are barred by claim preclusion. ECF No. 115-1, Proposed Amended Answer at 24. The VA argues that issue preclusion has been raised repeatedly throughout the litigation (e.g., in its reply in support of the Motion to Dismiss, ECF No. 59, its motion to exclude opinions of Plaintiff's expert witness, ECF No. 92, and its reply in support of the motion to exclude, ECF No. 104), and that claim preclusion is warranted in light of the Tenth Circuit's recent decision *in Watkins v. Genesh, Inc*., 135 F.4th 1224 (10th Cir. 2025). Motion at 1, 6-9. Dr. Schacht opposes the Motion to Amend,

ECF No. 124 ("Response"), and the VA has replied. ECF No. 125 ("Reply").

## STANDARD OF REVIEW

When a party seeks amendment of a pleading after the deadline set forth in a scheduling order, the party "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Under Rule 16, the determination of good cause lies within the sound discretion of the court. Fed. R. Civ. P. 16(b)(4); *Gorsuch*, 771 F.3d at 1240 (observing that the decision to deny a motion to amend the scheduling order was within the district court's discretion). The inquiry under Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944-WJM-NYW, 2022 WL 2716550, at *9 (D. Colo. July 13, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 4298400 (D. Colo. Sept. 19, 2022). "A party's delay in performing the pretrial preparation necessary to recognize a claim or defense does not satisfy Rule 16(b)(4)'s good cause standard." *Sher v. Amica Mut. Ins. Co.*, 722 F. Supp. 3d 1176, 1181 (D. Colo. 2024), *reconsideration denied*, 2024 WL 4504565 (D. Colo. Oct. 16, 2024) (citing *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000)).

To warrant amendment, a party must also satisfy the requirements for amendment under Rule 15(a). *Pumpco*, 204 F.R.D. at 668. Rule 15(a) embodies a more liberal standard for amendment than Rule 16(b)(4), providing that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, "[a] general presumption exists in favor of

3

allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper." *Doe by & through Roe v. Cherry Creek Sch. Dist.*, No. 24-cv-00687-NYW-TPO, 2024 WL 4581161, at *2 (D. Colo. Oct. 25, 2024) (cleaned up) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *accord, e.g.*, *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). Indeed, the purpose of Rule 15(a) is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Nevertheless, "[a] district court may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]"). "The futility of an affirmative defense is evaluated under Federal Rule of Civil Procedure 12(f), which provides that 'the court may strike from a pleading an insufficient defense[.]'" *Angeles v. USAA Gen. Indem. Co.*, No. 22-cv-00578-RM-

4

MDB, 2022 WL 16792177, at *1 (D. Colo. Nov. 8, 2022) (quoting *Schlup v. Depositors Ins. Co.*, No. 19-2095-HLT-GEB, 2020 WL 5094709, at *14 (D. Kan. Aug. 28, 2020); citing *Meeker v. Life Care Ctrs. of Am., Inc.*, No. 14-cv-02101-WYD-NYW, 2016 WL 11693715, at *3-4 (D. Colo. Apr. 11, 2016), *report and recommendation adopted*, 2016 WL 11693705 (D. Colo. June 29, 2016); *Stake Ctr. Locating, Inc. v. Logix Commc'ns, L.P.*, No. 2:14-CV-1090 TS, 2014 WL 2709456, at *3 (D. Utah Jun. 16, 2014)). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances." *Id.* (quoting *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995); citing *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances.")).

With regard to the concept of undue delay, "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *3 (D. Colo. Mar. 28, 2017), *report and recommendation adopted*, 2017 WL 4404772 (D. Colo. Apr. 17, 2017). Therefore, in assessing whether the plaintiff unduly delayed seeking amendment, courts focus on the explanation for the delay. *Minter*, 451 F.3d at 1206; *see also Sony Music Ent. España, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664, at *4 (D. Colo. Aug. 25, 2024) ("Instead of focusing on 'delay' or 'lateness,' courts deciding this issue look to the moving party's explanation of the delay to determine whether the delay is undue.") (quotation omitted). "Delay is 'undue' only if it will place an unwarranted burden on the Court

5

or become prejudicial to the opposing party." *Sullivan v. Equifax Info. Servs. LLC*, No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *Minter*, 451 F.3d at 1205). As with Rule 16, whether to allow amendment under Rule 15 is within the court's wide discretion. *See, e.g.*, *Minter*, 451 F.3d at 1204.

With these standards in mind, the court turns to the parties' arguments for and against the proposed amendment that would allow the VA to assert issue- and claim-preclusion defenses.

## ANALYSIS

### A. Defendant Has Shown Good Cause Under Rule 16(b)(4)

Defendant has demonstrated good cause for modification of the scheduling order under Rule 16(b)(4). The focus is on diligence: whether the movant could not reasonably have met the deadline despite diligent efforts. *See Gorsuch*, 771 F.3d at 1240; *Minter*, 451 F.3d at 1205 n.4 (noting the "rough similarity" between Rule 16's good cause and Rule 15's undue delay analysis).

Here, Defendant seeks to add two affirmative defenses: issue preclusion and claim preclusion. Motion at 1-2. As to issue preclusion, Defendant has raised the possibility of this defense repeatedly since at least the reply in support of the Motion to Dismiss (ECF No. 59), the motion to exclude opinions of Plaintiff's expert witness (ECF No. 92), and the reply in support of the motion to exclude (ECF No. 104). *Id.* at 3-4; Reply at 1-2. This reflects diligence in identifying and pursuing the defense, even if not formally pleaded earlier. *See Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *4-*7 (D. Colo. Sept. 14, 2011) (granting leave; assuming Rule 16 applies and finding good cause where plaintiff moved 24 days after defendants' Rule 12(c) motion highlighted deficiencies and where key documents were

6

produced in discovery after the amendment deadline). Defendant's amendment seeks only to "clarify" this defense in the answer, which aligns with the liberal policy favoring amendment. *See Gorsuch*, 771 F.3d at 1240.

As to claim preclusion, Defendant relies on the Tenth Circuit's recent decision in *Watkins*. *Watkins* reaffirmed *Wilkes v. Wyoming Dep't of Employment, Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002), and held that a plaintiff's later Title VII claims were precluded by a final judgment in her earlier suit because both actions arose from the same employment relationship. 135 F.4th at 1229-34. *Watkins* issued on April 29, 2025—well after the December 14, 2023, amendment deadline—so Defendant's invocation of *Watkins* constitutes an intervening appellate development offered to justify timing under Rule 16.

Plaintiff argues that Defendant missed opportunities to raise these defenses earlier, such as in the early summary judgment motion or motion to dismiss. Response at 6-8. However, nothing in the Rules requires combining affirmative defenses with exhaustion arguments, and defenses like preclusion are often raised at summary judgment. *See* Fed. R. Civ. P. 12(b) (omitting affirmative defenses from motions to dismiss); *Rehberg*, 2011 WL 4102287, at *5. Plaintiff also disputes the evidence of prior assertions of issue preclusion, *id*. at 9 n.9, but the docket confirms Defendant's references (e.g., ECF Nos. 59, 92, 104). In any event, the court's focus is on diligence, not perfection. Defendant has shown good cause.

## B. Plaintiff Has Not Shown that Leave Should Be Denied

Having found good cause under Rule 16, the court turns to Rule 15(a). Leave should be freely given absent undue delay, bad faith, prejudice, or futility. *Foman*, 371 U.S. at 182. The burden to establish one of these grounds rests on the party opposing leave to amend. *Jefferson*

7

*Cnty. Sch. Dist.*, 175 F.3d at 859.

The court finds no undue delay or bad faith. Delay is "undue" only if it prejudices the non-movant or lacks adequate explanation. *Minter*, 451 F.3d at 1206. As explained, Defendant's timing is justified by prior assertions of issue preclusion and the recent *Watkins* decision for claim preclusion. *See id.* (no undue delay where amendment arose from evidence not initially apparent). Plaintiff argues the VA "missed multiple opportunities" over two years, Response at 2-3, 6-8, but this overlooks the evolving nature of the litigation and *Watkins'* issuance. *See Rehberg*, 2011 WL 4102287, at *5 (no undue delay where amendment followed late discovery and a motion highlighting deficiencies). Nor is there evidence of bad faith; Defendant's motive appears to streamline the case, not dilate it. Motion at 9; *see also Foman*, 371 U.S. at 182 (listing "bad faith or dilatory motive" among the grounds to deny leave).

Prejudice—the "most important factor," *Minter*, 451 F.3d at 1207—is absent here. Prejudice arises when amendment changes the subject matter or requires significant new discovery. *Id.* at 1208. The proposed defenses are largely legal, based on prior proceedings already known to Plaintiff (e.g., her 2018 removal). Amended Complaint ¶¶ 85-88; Motion at 5-6. No additional discovery is needed, as preclusion turns on existing records. Reply at 2-3. Discovery remained open until August 15, 2025 (ECF No. 114), providing ample time if any was required. Plaintiff claims prejudice from the VA's "two-plus years" of inaction, Response at 9-10, but this is speculative and does not show how the defenses unfairly affect her preparation. *See Minter*, 451 F.3d at 1208 (prejudice requires impact on party opposing the amendment).

Finally, the amendment is not futile. An amendment is futile if it "cannot be maintained under any set of circumstances." *Nacchio*, 438 F. Supp. 2d at 1287. Plaintiff argues the defenses

8

lack merit, as *Watkins* is distinguishable (private-sector vs. federal employment) and issue preclusion was not properly raised. Response at 10-12. But whether preclusion applies is best addressed on a developed record under Rule 12 or Rule 56, not in the context of a Rule 15 motion. *See Sanchez-Bell v. CSAA Gen. Ins. Co.*, No. 22-cv-01678-WJM-STV, 2024 WL 2817504, at *2-4 (D. Colo. June 3, 2024) (resolving an asserted defense at summary judgment on a full evidentiary record and denying the motion). And *Watkins* reinforces that claim preclusion turns on the transactional test and a "full and fair opportunity" to litigate (including the ability to request a right-to-sue letter or seek a stay and amend); whether those principles apply here is a merits question. 135 F.4th 1229-34. At this stage, Defendant's issue- and claim-preclusion defenses are at least colorable, not "facially unsupported." *See Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs., Inc.*, No. 22-cv-00763-PAB-SP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023).

## CONCLUSION

For the foregoing reasons, it is respectfully **ORDERED** that Defendant Douglas A. Collins's Motion for Leave to Amend, ECF No. 115, is **GRANTED**. Defendant shall file a clean version of the Amended Answer, ECF No. 115-1, as a separate docket entry within three (3) business days of this Order.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119,

DATED: September 30, 2025               BY THE COURT:

Susan Prose
United States Magistrate Judge

---

1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").